IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BOBBIE N. HILL and LARRY GAGE, : : : Plaintiffs, : : v. : : WILLIAM RANDY CLARK, G. KEITH CLARK, THERESA MICHELLE CLARK, "JOHN DOE" AS THE ADMINISTRATOR OF THE ESTATE OF WILLIAM H. CLARK, WELLS FARGO BANK N.A., INC. f.k.a. WACHOVIA BANK N.A., ALLIANZ LIFE INSURANCE CO. OF N. AMERICA, and ALABAMA ONE CREDIT UNION, : : : : : : : : : : : : Defendants. : | CIVIL ACTION NO. 2:11-CV-0057-RWS |

**ORDER**

This case comes before the Court on Plaintiffs' Motion to Remand [8], Plaintiffs' Motion Assessing Costs [12], Defendants' Motion to Strike or, Alternatively, Motion for Extension of Time and Enlargement of Page Limitation [28], Defendants' Motion to Strike Arguments in Support of Remand [50], Defendants' Motion for Leave to File Surreply [51], Plaintiffs'

Motion to Substitute Party John Doe [30], and Plaintiffs' Motion to Stay Deadlines Associated with Motion to Dismiss Pending a Jurisdictional Ruling or, in the alternative, Motion for Extension of Time [43].  After considering the record, the Court enters the following Order.

## **Background**

Plaintiffs Bobbie Hill (hereinafter "Hill") and Larry Gage (hereinafter "Gage") assert that they have been wrongfully denied access to the estate of decedent William Clark (hereinafter "Bill Clark"). In 2008, Bill Clark established accounts at Wachovia Bank (n.k.a. Wells Fargo) in the names of six individuals, including his four children (William Randall Clark, G. Keith Clark, Dwight Clark, and Theresa Clark), Gage, and Hill, with each account being payable on death. (Dkt. [1-1] at ¶ 19). Bill Clark next opened similar accounts at Alabama One with identical beneficiaries to the Wachovia accounts (his four children, Gage and Hill) (collectively, the "Accounts"). (Dkt. [1-1] at ¶20).  In 2008, Bill Clark granted his son, William Randall Clark, durable power of attorney.  (Dkt. [1-1] at ¶16). In 2010, Bill Clark signed an addendum to his original grant of power of attorney so as to expressly authorize William Randall Clark to do the following:

> To do and perform every act or transaction that [Bill Clark] might or could personally do in reference to any and all securities, certificates of deposit, cash, annuities, or other property of any kind or nature, now or hereafter held by any type of financial institution or company in any type of account or policy in [Bill Clark's] name regardless of self dealing and especially, but without in anyway limiting or restricting the foregoing, the absolute right to transfer, sell, convey, give, assign, designate beneficial interests in, demand, accept, and receive said property or give instructions for the transfer, sale, or assignment of any such securities, certificates of deposit, cash, annuities, or other property now or hereafter in such account or policy or the income there from.... and to sell, transfer, and to do any other act concerning any stock or bonds or other securities or other property which [Bill Clark] may have or possess and to transfer the same in any manner required by any person, corporation or entity. (Dkt [1-4] at ¶5).

Decedent Bill Clark's mental and physical health began to decline in 2009. During this period of ailing health, Plaintiffs allege that William Randall Clark (hereinafter "Randy Clark"), used his power of attorney without express consent from Bill Clark to alter the beneficiaries of the Accounts to exclude Gage and Hill.  (Dkt. [1-1] p. 4, 5 of 16).

Plaintiffs filed a Complaint for Fraud, Breach of Fiduciary Duty, Conversion, Injunctive and Other Relief in the Superior Court of Forsyth County, Georgia against Defendants (Dkt. [1-1] p. 3 of 16).  On March 2, 2011, Defendant G. Keith Clark removed the case to this court pursuant to 28 U.S.C. §§ 1441 and 1446. (Dkt. [1] p. 1 of 16). Defendant alleges that all necessary

3

parties are diverse and the amount in controversy exceeds $75,000, in accord with 28 U.S.C. § 1332. Defendants Allianz Insurance, Wells Fargo, Dwight A. Clark, Theresa Michelle Clark, and Randy Clark all consented timely to removal (Dkt. [3, 9, and 25]).

On March 11, 2011 Plaintiffs filed an Objection to Removal claiming that the Estate of William Clark (the "Estate"), a Defendant, was a necessary party and, as such, complete diversity did not exist because the Estate and the temporary administrator of the Estate were citizens of Georgia (where Hill is domiciled) and the Estate did not consent to removal. (Dkt. [8] p. 2 of 8). Defendants allege that removal is appropriate because, for the purposes of diversity jurisdiction, the Estate's citizenship is disregarded because it is a nominal party and has no real stake in the litigation. While the Estate did not consent to removal, Defendants again claim that because the Estate is a nominal party it is not necessary that it join the petition for removal. On March 14, 2011 Plaintiffs filed an Order Assessing Costs [12] with respect to the costs of the removal. In the meantime, Defendants have moved to strike Plaintiffs' arguments (Dkt. [28] and [50]) as well as to dismiss (Dkt. [36]).

## Discussion

**I.     Motion to Remand [8], Motion Assessing Costs [12], Motions to Strike [28, 50], and Motion for Leave to File Sur Reply [51]**

As an initial matter, Plaintiffs' claims do not deal exclusively with "the administration of an estate, the probate of a will, or any other purely probate matter," therefore, following Marshall v. Marshall, federal jurisdiction is not barred under the probate exception. 547 U.S. 293, 296-97 (2006) ("[T]he probate exception... precludes federal courts from disposing of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.").

Second, the Court must determine whether the Estate is a nominal party. If the Estate is a nominal party, then the removal will stand. See Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980) (stating the citizenship of nominal parties should not be considered when determining diversity jurisdiction). "A removing defendant bears the burden of proving proper federal jurisdiction." Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002).

One test for determining whether a party is nominal is "whether in the absence of the defendant, the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants Local 349, 427 F.2d 325, 327 (5th Cir. 1970) (punctuation and citation omitted).  Based on the initial complaint and remedies requested, such a judgment could be reached in the absence of the Estate as a defendant. Moreover, Tri-Cities Newspapers also states that a defendant is a nominal party if his role in the lawsuit is akin to that of a depository or a stakeholder. Id.  By definition, the Estate is a depository. Black's Law Dictionary 471 (8th ed. 2004) (defining depository as "a person or institution that one leaves money or valuables with for safekeeping"). For these reasons, as well as the fact that there appear to be no actual claims or factual allegations against the Estate, the Court finds that the Estate is a nominal party, and, as such, Plaintiffs' Motion to Remand [8] is **DENIED**.  Furthermore, Plaintiffs' Motion Assessing Costs [12] is **DENIED** and Defendants' Motions to Strike [28, 50] are **DENIED as moot**.  Defendants' Motion for Leave to File Surreply [51] is also **DENIED**.

6

## II.     Motion to Substitute Party John Doe [30]

Plaintiffs' Motion to Substitute Kevin Tallant for John Doe [30] is unopposed. Said motion, appearing proper, is hereby **GRANTED**, and the Clerk is **DIRECTED** to substitute Kevin Tallant for John Doe.

## III.    Motion to Stay Deadlines Associated with Motion to Dismiss Pending a Jurisdictional Ruling, or in the alternative, Motion for an Extension of Time [43]

Plaintiffs' Motion to Stay Deadlines [43] is **GRANTED nunc pro tunc**. Plaintiff has 14 days from the date of entry of this Order to file a response to Defendants' Motion to Dismiss Plaintiffs' Complaint [36].

## Conclusion

Based on the foregoing, Plaintiffs' Motion to Remand [8] is **DENIED**; Plaintiffs' Motion Assessing Costs [12] is **DENIED**; Defendants' Motions to Strike [28, 50] are **DENIED as moot**; Defendants' Motion for Leave to File Surreply [51] is **DENIED**; Plaintiffs' Motion to Substitute Party John Doe [30] is hereby **GRANTED**, and the Clerk is **DIRECTED** to substitute Kevin Tallant for John Doe; and Plaintiffs' Motion to Stay Deadlines [43] is **GRANTED nunc pro**

**tunc**.  Plaintiff shall have 14 days from the date of entry of this Order to file a response to Defendants' Motion to Dismiss Plaintiffs' Complaint [36].

**SO ORDERED**, this   2nd   day of June, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

8

AO 72A
(Rev.8/82)