**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

BOBBIE N. HILL and LARRY    :
GAGE,                        :
                            :
        Plaintiffs,      :
                            :    CIVIL ACTION NO.
     v.                 :    2:11-CV-0057-RWS
                            :
WILLIAM RANDALL CLARK,  :
et al.,                   :
                            :
        Defendants.

## ORDER

This case comes before the Court on Defendants' Motion to Dismiss [36],

Plaintiffs' Motion for Reconsideration of Plaintiffs' Motion for Remand [60],

Plaintiffs' Request for Extension of Time to Respond to Defendants' Motion to

Dismiss [60], Defendant's Motion to Strike Plaintiffs' Motion for

Reconsideration of Plaintiffs' Motion for Remand [67], Defendants' Motion to

Strike Plaintiffs' Reply [73], Defendants' Motion to File Surreply to Motion for

Reconsideration [74], and, finally, Defendants' Motion for Leave to

Supplement Reply to Response to Motion for Leave to File Surreply to Motion

for Reconsideration [79].  After reviewing the Record, the Court enters the

following Order.

AO 72A
(Rev.8/82)

## Background

Plaintiffs Bobbie Hill (hereinafter "Hill") and Larry Gage (hereinafter "Gage") assert that they have been wrongfully denied access to the estate of decedent William Clark (hereinafter "Bill Clark").  In 2008, Bill Clark established accounts at Wachovia Bank (n.k.a. Wells Fargo) in the names of six individuals, including his four children (William Randall Clark, G. Keith Clark, Dwight Clark, and Theresa Clark), Gage, and Hill, with each account being payable on death.  (Compl., Dkt. No. [1-1] ¶ 19.)  Bill Clark next opened similar accounts at Alabama One with identical beneficiaries to the Wachovia accounts (his four children, Gage, and Hill) (collectively, the "Accounts").  (Id. ¶ 20.)  In 2008, Bill Clark granted his son, William Randall Clark, durable power of attorney.  (Id. ¶ 16.)  In 2010, Bill Clark signed an addendum to his original grant of power of attorney so as to expressly authorize William Randall Clark to do the following:

> To do and perform every act or transaction that [Bill Clark] might or could personally do in reference to any and all securities, certificates of deposit, cash, annuities, or other property of any kind or nature, now or hereafter held by any type of financial institution or company in any type of account or policy in [Bill Clark's] name regardless of self dealing and especially, but without in anyway limiting or restricting the foregoing, the absolute right to transfer, sell, convey, give, assign, designate

2

beneficial interests in, demand, accept, and receive said property or give instructions for the transfer, sale, or assignment of any such securities, certificates of deposit, cash, annuities, or other property now or hereafter in such account or policy or the income there from.... and to sell, transfer, and to do any other act concerning any stock or bonds or other securities or other property which [Bill Clark] may have or possess and to transfer the same in any manner required by any person, corporation or entity.

(Dkt. No. [1-4] ¶ 5.)

Decedent Bill Clark's mental and physical health began to decline in 2009. Plaintiffs allege that during this period of ailing health, William Randall Clark (hereinafter "Randy Clark"), used his power of attorney without express consent from Bill Clark to alter the beneficiaries of the Accounts to exclude Gage and Hill. (Compl., Dkt. No. [1-1] ¶¶ 17, 23-25, 38, 43.) Specifically, Plaintiffs allege while Bill Clark was in the hospital suffering with Alzheimer's Disease, Randy Clark, without Bill Clark's permission and against the latter's wishes, removed Plaintiffs as beneficiaries of the Accounts so as to benefit himself and the other Clark siblings. (Id.)

Plaintiffs filed a Complaint for Fraud, Breach of Fiduciary Duty, and Conversion, seeking injunctive and other relief, in the Superior Court of Forsyth County, Georgia. (Compl., Dkt. No. [1-1].) Named as Defendants were the Estate of Bill Clark (the "Estate"), Bill Clark's four children, and the

financial institutions that held the accounts at issue in this case.  With specific regard to the Defendant Estate, Plaintiffs purported to raise claims against it for breach of contract and unjust enrichment.  (See id. Count VII (entitled "Breach of Contract and Unjust Enrichment").)

On March 2, 2011, Defendant G. Keith Clark removed the case to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  (Dkt. No. [1] at 1.)  In their Notice of Removal, Defendants argued that the Estate was the only non-diverse Defendant, and that the Estate had been improperly joined such that its citizenship should not be considered. (Id. ¶¶ 10, 13.)  Defendants argued that the Estate was improperly joined for two reasons.  First, Defendants argued that the breach of contract claim, which was based on an alleged oral promise to make testamentary gifts to Plaintiffs, was not viable under Georgia law and therefore afforded Plaintiffs "no possibility" of recovery against the Estate.  (Id. ¶ 14.)  Second, Defendants argued that the unjust enrichment claim against the Estate had no connection to the claims raised against the diverse Defendants as it would not give rise to joint, severable, or alternative liability.  (Id.)  Given the Estate's improper

4

joinder, Defendants concluded its citizenship could be ignored and therefore did

not destroy completely diversity.  (See generally id.)

On March 11, 2011, Plaintiffs filed an Objection to Removal (the "Motion

to Remand"), arguing that because the Estate was a non-diverse Defendant,

which Defendants conceded, the Court lacked subject matter jurisdiction.  (Dkt.

No. [8] ¶¶ 2-3.)  In opposition to Defendants' arguments that the Estate's

citizenship should be ignored, Plaintiff argued, first, that its breach of contract

claim was colorable under Georgia law.  (Id. ¶ 15.)  Second, Plaintiffs argued

that their alternative unjust enrichment claim made the Estate a necessary party:

"For instance, if the Estate is liable to the Plaintiffs, then the Estate may have a

3rd party claim against the Defendant William Randall Clark.  Therefore, it is

necessary for judicial economy and preventing multiple inconsistent litigations."

(Id. ¶ 16.)

In opposition to Plaintiffs' Motion to Remand, Defendants raised four

arguments in support of their contention that removal was proper on the basis of

diversity because the citizenship of the Estate could be ignored.  (See generally

Dkt. No. [42].)  First, Defendants argued that the Estate had been fraudulently

joined to the action because neither Plaintiffs' breach of contract claim nor

unjust enrichment claim was colorable under Georgia law.  (<u>Id.</u> at 3-12.)

Second, Defendant argued that the Estate had been fraudulently joined because

claims against the Estate had no real connection to the claims raised against the

diverse Defendants, as they could not give rise to joint, several, or alternative

liability.  (<u>Id.</u> at 12-15.)  Third, Defendants argued that the Estate was not a

proper defendant as to the claims raised against the diverse Defendants.  (<u>Id.</u> at

15-20.)  Finally, Defendants argued that the Estate was, at best, a nominal party

whose citizenship may be ignored.  (<u>Id.</u> at 20-22.)  Defendants argued the Estate

to be a nominal party on grounds that its only role in the litigation was that of a

depository or stakeholder of the assets at issue.  (<u>Id.</u> at 22.)

 After considering the respective arguments of the parties set forth above,

the Court denied Plaintiffs' Motion to Remand [8] on grounds that the Estate is a

nominal party whose citizenship should not be considered for purposes of

determining diversity jurisdiction.  (Order, Dkt. No. [59] at 5-6.)  The Court

reasoned as follows:

> One test for determining whether a party is nominal is "whether in
> the absence of the defendant, the Court can enter a final judgment
> consistent with equity and good conscience which would not be in
> any way unfair or inequitable to plaintiff."  <u>Tri-Cities Newspapers,</u>
> <u>Inc. v. Tri-Cities Printing Pressmen and Assistants Local 349</u>, 427

F.2d 325, 327 (5th Cir. 1970) (punctuation and citation omitted). Based on the initial complaint and remedies requested, such a judgment could be reached in the absence of the Estate as a defendant.

Moreover, <u>Tri-Cities Newspapers</u> also states that a defendant is a nominal party if his role in the lawsuit is akin to that of a depository or a stakeholder. <u>Id.</u> By definition, the Estate is a depository. <u>Black's Law Dictionary</u> 471 (8th ed. 2004) (defining depository as "a person or institution that one leaves money or valuables with for safekeeping"). For these reasons, as well as the fact that there appear to be no actual claims or factual allegations against the Estate, the Court finds that the Estate is a nominal party, and, as such, Plaintiffs' Motion to Remand [8] is [denied].

(<u>Id.</u> at 6.) Plaintiffs now seek reconsideration of this Order.

**Discussion**

I.      **Plaintiffs' Motion for Reconsideration [60]**

    A.      <u>Legal Standard</u>

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), NDGa. Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." <u>Bryan v. Murphy</u>, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003). However, a motion

7

AO 72A
(Rev.8/82)

for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." Id. at 1259.  Furthermore, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).  With these principles in mind, the Court considers Plaintiffs' Motion for Reconsideration.

> ### B.    Analysis

Plaintiffs contend that reconsideration of the Court's Order [59] denying Plaintiff's Motion to Remand [8] is warranted to correct a "manifest error of fact."  (Dkt. No. [60] at 1.)  Specifically, Plaintiffs argue,

> The Court overlooks the fact that Plaintiffs [sic] complaint contains
> a direct cause of action against the estate.  The Court's order
> addresses only the issue that defendant estate as nominal party [sic].
> Not only is the estate not nominal by virtue of the fact that they are
> [sic] owner of the assets and more than a mere stake holder, most
> important [sic] this Court overlooks Count VII of Plaintiffs'
> complaint which alleges a cause of action in Breach of Contract and
> Unjust Enrichment directly against the estate.  This fact is
> paramount as it makes the defendant estate potentially liable to the
> Plaintiffs and disqualifies the estate as simply a nominal defendant.

8

(Id. at 1-2.)  Defendants argue, on the other hand, that Plaintiffs' breach of contract and unjust enrichment claims both fail as a matter of law, leaving the Estate a merely nominal defendant whose citizenship should be disregarded. (Defs.' Resp. to Pls.' Mot. for Reconsideration ("Defs.' Opp'n"), Dkt. No. [66] at 9-15.)  To the extent the Court did not consider this argument when it denied Plaintiffs' Motion for Remand [8], the Court hereby **GRANTS** Plaintiffs' Motion for Reconsideration [60].

Upon reconsideration, the Court seeks to determine whether the breach of contract and unjust enrichment claims purportedly raised against the Defendant Estate render the Estate more than a nominal party or whether, on the contrary, the Estate was fraudulently joined.  "When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed."  Florence v. Crescent Res., LLC, 484 F.3d 1293, 1297 (11th Cir. 2007).  This is true unless the resident defendant was fraudulently joined. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity."  Id.

9

One situation in which joinder will be found to be fraudulent is where the plaintiff cannot possibly prove a cause of action against the non-diverse defendant. Id.; Florence, 484 F.3d at 1297. This inquiry must be based upon the pleadings at the time of removal, with any question of fact resolved in the plaintiff's favor. Legg v. Wyeth, 428 F.3d 1317, 1323 (11th Cir. 2005) (citations omitted). If the Court finds "*even a possibility* that a state court would find that the complaint states a cause of action against [the] resident defendant[], the federal court must find that the joinder was proper and remand the case to the state court." Triggs, 154 F.3d at 1287 (emphasis in original). In other words, the plaintiff need not have a winning case, only a possibility of stating a viable cause of action. Id. The Eleventh Circuit has explained, however, that this possibility must be "reasonable": "The potential for legal liability must be reasonable, not merely theoretical." Legg, 428 F.3d 1317.

Plaintiffs argue that they have asserted two possible causes of action against the Estate, one for breach of contract and an alternative claim for unjust enrichment. (Pls.' Reply, Dkt. No. [72] at 15-16.) These claims are raised in Count VII of the Complaint, which Count provides in full:

<u>COUNT VII</u>

BREACH OF CONTRACT AND UNJUST ENRICHMENT

93. Plaintiffs hereby realleges and reasserts [sic] the allegations contained in Paragraphs 1-92 of this Complaint and incorporates them herein by reference [sic]

94. Plaintiffs do hereby plead in the alternative that Hill took care of and rendered services to Bill Clark who promised to make the gifts described herein this Complaint to the Plaintiffs in exchange for that care.

95. Hill did hereby render those services thereby performing her side of the bargain and conferring a value and benefit upon the estate.

96. That Bill Clark through the actions of the Defendant Randy Clark has breached that implied agreement causing the Plaintiffs harm.

97. Whereby [the] administrator of the estate is indebted to the Plaintiffs.

> **WHEREFORE**, Plaintiffs demand judgment against the Defendants as follows;
>
> (a) For attorneys fees in an amount to be proven at trial; and
>
> (b) For all expenses of this litigation; and
>
> (c) For the court to invalidate the fraudulent removal of Plaintiffs as beneficiaries on the Allianz annuity; and
>
> (d) To invalidate the Defendant's fraudulent removal of the

AO 72A
(Rev.8/82)

Plaintiffs as beneficiaries of the Wells Fargo CD and
Alabama One Bank accounts or an award of monetary
damages in an amount equal thereto; and

(e) To enjoin the estate and all the above named Defedants to
freeze the assets contemplated herein and to prevent further
irreparable harm to Plaintiffs until such time as these matters
may be resolved.

(f) Punitive damages; and

(g) In the alternative, to enforce the implied contract or an
award for the value of the benefit conferred upon the estate;
and

(h) Trial by jury; and

(i) For such other relief as this Court deems just and proper.

(Dkt. No. [1-1] ¶¶ 93-97.)  The Court considers Plaintiffs' breach of contract

claim before turning to the claim for unjust enrichment.

### 1.    *Breach of Contract Claim*

Based on the allegations in Count VII of the Complaint, Plaintiffs'

contract theory against the Estate clearly is based on an alleged express, oral

contract.  This the Plaintiffs do not deny.  (<u>See generally</u> Pls.' Reply, Dkt. No.

[72].)  Plaintiffs allege (1) that Bill Clark promised to make testamentary gifts to

Plaintiffs in exchange for the care and services of Plaintiff Hill; (2) that Hill

12

rendered the services contemplated, "thereby performing her side of the bargain"; and (3) that "Bill Clark, through the actions of Defendant Randy Clark," breached the contract by failing to make the testamentary gifts promised. (Compl., Dkt. No. [1-1] ¶¶ 94-96.)  Defendants argue that Plaintiffs have no possible recovery against the Estate based on this claim because oral contracts to make testamentary dispositions are unenforceable under Georgia law. (Defs.'Opp'n, Dkt. No. [66] at 10.)

The Court agrees with Defendants and holds that Plaintiffs have no possible cause of action against the Defendant Estate for breach of contract. Under O.C.G.A. § 53-4-30, "A contract made on or after January 1, 1998, that obligates an individual to make a will or a testamentary disposition . . . shall be express and shall be in a writing that is signed by the obligor."  As Plaintiffs have alleged only the existence of an *oral* contract to make a testamentary disposition, which contract is unenforceable under Georgia law, there is no possibility that they could recover for breach of contract against the Estate under Georgia law.

13

2.      *Unjust Enrichment*

Plaintiffs also purport to raise a claim against the Estate for unjust enrichment.  Defendants argue that this purported claim fails as a matter of law because Plaintiffs have not actually asserted it.  (Defs.' Opp'n, Dkt. No. [66] at 14-15.)  Specifically, Defendants argue Plaintiffs have failed to allege in the Complaint, even in conclusory terms, the essential elements of an unjust enrichment claim, therefore precluding any possible recovery against the Estate on this theory.  (Id. at 12-15.)  On the contrary, Defendants argue, Plaintiffs have alleged only "that Bill Clark putatively breached an express contract by not giving them the specific gifts they were allegedly promised."  (Id. at 12-13.)  Defendants conclude, "[T]he alleged failure to give Plaintiffs specific gifts does not give rise to an inference that Ms. Hill was not otherwise fully compensated, and she makes no allegation that she was not."  (Id. at 13.)

The Court agrees with Defendants and finds that Plaintiffs have not alleged a cause of action for unjust enrichment, thus precluding any possibility of recovery against the Estate for unjust enrichment.  Unjust enrichment is an "alternative theory of recovery if a contract claim fails."  Wachovia Ins. Servs., Inc. v. Fallon, 682 S.E.2d 657, 665 (Ga. Ct. App. 2009).  Under Georgia law,

14

"[t]he theory of unjust enrichment applies when there is no legal contract and when there has been a benefit conferred which would result in an unjust enrichment unless compensated." <u>Smith Serv. Oil, Co. v. Parker</u>, 549 S.E.2d 485, 487 (Ga. Ct. App. 2001).  Thus, the essential elements of this claim are that (1) a benefit has been conferred, (2) compensation has not been given for receipt of the benefit, and (3) the failure to so compensate would be unjust.

In this case, as stated above, Plaintiffs have alleged only that Bill Clark failed to make the testamentary gifts he allegedly promised in exchange for Plaintiff Hill's services, which were fully rendered.  (Compl., Dkt. No. [1-1] ¶¶ 94-96.)  In other words, as Defendants argue, Plaintiffs simply allege that Bill Clark breached an express contract.  This allegation is insufficient to state a claim for unjust enrichment, a cause of action separate and distinct from the cause of action for breach of contract.

Specifically, Plaintiffs plainly have not alleged that Plaintiff Hill was not compensated for her services.  The allegation that she did not receive the specific gifts promised under the terms of the alleged express contract is not an allegation that she was not compensated.  Nor do Plaintiffs allege that a failure to compensate Plaintiff Hill would result in injustice.  Accordingly, Plaintiffs have

15

not alleged the essential elements of an unjust enrichment claim, which claim

necessarily fails as a matter of law.

Because Plaintiffs have not stated a possible claim for breach of contract

or unjust enrichment against the Defendant Estate, the Court concludes that the

Estate was fraudulently joined.  The Estate's citizenship therefore must be

disregarded for purposes of diversity of citizenship.  As the Estate is the only

non-diverse Defendant, complete diversity exists, vesting the Court with subject

matter jurisdiction.  For these reasons, in addition to the reasons articulated in

the Court's prior Order [59], Plaintiffs' Motion to Remand [8] is hereby

**DENIED**.

II.    **Defendants' Motion to Strike Plaintiffs' Motion for Reconsideration
       of Plaintiffs' Motion for Remand [67], Defendants' Motion to Strike
       Plaintiffs' Reply [73], Defendants' Motion to File Surreply to Motion
       for Reconsideration [74], and, finally, Defendants' Motion for Leave
       to Supplement their Reply to Response to Motion for Leave to File
       Surreply to Motion for Reconsideration [79]**

       The aforementioned motions are hereby **DENIED as moot**.

**III.    Plaintiffs' Request for Extension of Time to Respond to Defendants'**

**Motion to Dismiss [60]**

In their Motion for Reconsideration [60], Plaintiffs additionally request an

extension of time to respond to Defendants' Motion to Dismiss.  The request is

**GRANTED**.  Plaintiffs shall file their response to Defendants' Motion to

Dismiss within **14 DAYS** of the date of entry of this Order.

### Conclusion

In accordance with the foregoing, Plaintiffs' Motion for Reconsideration

[60] is hereby **GRANTED**.  Upon reconsideration, Plaintiffs' Motion for

Remand [8] is again **DENIED**.

Defendant's Motion to Strike Plaintiffs' Motion for Reconsideration of

Plaintiffs' Motion for Remand [67], Defendants' Motion to Strike Plaintiffs'

Reply [73], Defendants' Motion to File Surreply to Motion for Reconsideration

[74], and, finally, Defendants' Motion for Leave to Supplement their Reply to

Response to Motion for Leave to File Surreply to Motion for Reconsideration

[79] are hereby **DENIED as moot**.

Finally, Plaintiffs' Motion for Extension of Time to Respond to

Defendants' Motion to Dismiss [60] is **GRANTED**. Plaintiffs shall file their

17

response to the Motion to Dismiss within **14 DAYS** from the date of entry of this

Order.

      **SO ORDERED**, this  6th  day of March, 2012.


_____

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

18