**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| BOBBIE N. HILL and LARRY GAGE, : | |
| Plaintiffs, : | |
| v. : | CIVIL ACTION NO. 2:11-CV-0057-RWS |
| WILLIAM RANDY CLARK, et al., : | |
| Defendants. : | |

## **ORDER**

This case comes before the Court on Defendants William Randall Clark, G. Keith Clark, Dwight Alan Clark, and Theresa Michele Clark's (collectively the "Clark Defendants'") Motion to Dismiss [36]. After reviewing the record, the Court enters the following Order.

## **Background**

Plaintiffs Bobbie Hill ("Hill") and Larry Gage ("Gage") filed the instant Complaint in the Superior Court of Forsyth County, raising various claims stemming from their alleged wrongful denial of access to the estate of decedent William Clark ("Bill Clark"). Defendants timely removed the action to this Court on the basis of diversity of citizenship. (Notice of Removal, Dkt. [1].)

Currently before the Court is the Clark Defendants' Motion to Dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), or, alternatively, for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). (See generally Dkt. [36].)

The allegations of the Complaint are as follows.[1] On or about March 15, 2004 and on or about April 8, 2008, Bill Clark executed two powers of attorney ("POAs"), both designating Defendant William Randall Clark ("Randy Clark") as Bill Clark's Attorney in Fact.[2] (Compl., Dkt. [1-1] ¶ 16; Compl. Ex. D, Dkt. [1-5] ("2004 POA"); Compl. Ex. B, Dkt. [1-3] ("2008 POA").) Both POAs are durable and include broad grants of authority to Defendant Randy Clark, but neither specifically grants Defendant Randy Clark the power to change designated beneficiaries of Bill Clark's testamentary or other gifts. (Id. ¶ 17.)

---

[1] Because the case is before the Court on a motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the Complaint. Cooper v. Pate, 378 U.S. 546, 546 (1964). The Court notes that the Complaint, as filed with the Court, is missing pages two (2) and four (4).

[2] While Plaintiffs allege that the 2008 POA was executed "on or about April 8, 2008," the POA itself, attached to the Complaint as Exhibit B, shows that it was executed by Bill Clark on April 14, 2008. (Compl. Ex. B, Dkt. [1-3] (2008 POA).) The discrepancy is immaterial, however.

2

In May of 2008, Bill Clark opened seven (7) certificate of deposit ("CD") accounts at Wachovia Bank (k.n.a. Wells Fargo). (Id. ¶ 18.) Each account was created in Bill Clark's name, and each designated a separate beneficiary: Plaintiff Gage, Plaintiff Hill, and Bill Clark's four children, the Clark Defendants, respectively. (Id. ¶ 19.) Each CD account was payable on death ("POD"). (Id.) In May of 2009, Bill Clark opened another CD account at Alabama One Credit Union ("Alabama One"). (Id. ¶¶ 20, 47.) This CD account was POD equally to Gage, Hill, and the four Clark Defendants. (Id.)

In October of 2009, Bill Clark was diagnosed with Alzheimer's disease and dementia, which conditions worsened until his death and impaired his memory, lucidity, mobility, and ability to communicate. (Id. ¶ 23.) On or about October 19, 2009, while Bill Clark was in the hospital, Defendant Randy Clark, without Bill Clark's permission, went to the Wachovia bank where the seven aforementioned CD accounts had been opened and removed the names of the POD beneficiaries. (Id. ¶ 23.) While the allegations of the Complaint are not entirely clear, particularly in light of the two missing pages (see footnote 2, supra), Plaintiffs appear to allege that Defendant Randy Clark removed only the names of Plaintiffs as beneficiaries of the CD accounts in favor of himself and

3

his siblings, the other Clark Defendants.  (Dkt. [1] ¶¶ 42-43; see generally Pls.' Br. in Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n Br."), Dkt. [83].) Plaintiffs also appear to allege that Defendant Randy Clark removed Plaintiffs' names as beneficiaries of the Alabama One CD account in favor of himself and the other Clark Defendants.  (Id. ¶ 59.)  Plaintiffs allege that Randy Clark's actions were not taken "at the discretion or contemplation of Bill Clark's medical care or needs" or to pay Bill Clark's bills.  (Compl., Dkt. [1] ¶ 24.) Finally, Plaintiffs allege that Defendant Randy Clark removed Plaintiffs as beneficiaries of an annuity set up with Allianz Life Insurance Company.[3]  (Id. ¶¶ 68, 49.)

Plaintiffs further allege that in January of 2010, while he was in the Brian Rehab Center, Bill Clark executed a POA in favor of Defendant Randy Clark for the specific purpose of transacting business with Alabama One.  (Id. ¶ 25; see also Compl. Ex. E, Dkt. [1-6] (Jan. 26, 2010 "Durable Power of Attorney" designating William Randall Clark as Bill Clark's attorney for purposes of transacting business with Alabama One).)  At the same time, Bill Clark also

---

[3] The Court refers to the CD accounts and annuity collectively as the "accounts."

4

executed an addendum to the April 2008 POA, which addendum by its terms was intended to supplement and add to the powers granted to Defendant Randy Clark under the 2008 POA. (Id. ¶ 25; Compl. Ex. C, Dkt. [1-4] (Jan. 26, 2010 "Addendum to Durable Power of Attorney").) Plaintiffs allege that Defendant Randy Clark exerted undue influence over Bill Clark to obtain these two instruments. (Id. ¶ 25.)

Based on the foregoing factual allegations, Plaintiffs raise the following claims against the Clark Defendants: breach of fiduciary duty (Count I);[4] Conversion of Property (Count II); Fraud (Count III); Tortious Interference with Inheritance (Count IV); and Tortious Interference with Contract (Count V).[5] Each of these claims rests on the allegation that Defendant Randy Clark lacked legal authority to remove Plaintiffs as beneficiaries of the accounts. (Id. ¶¶ 43, 60-61, 65, 75-76, 82-83.) Specifically, while conceding that the 2004 and 2008 POAs are valid (Pls.' Opp'n Br., Dkt. [83] at 3), Plaintiffs contend

---

[4] As certain pages are missing, the Complaint as filed with the Court does not contain a caption for "Count I." The parties, however, refer to Count I of the Complaint as a count for breach of fiduciary duty. (Defs.' Br. in Supp. Mot. to Dismiss ("Clark Defs.' Br."), Dkt. [36-1] at 13; Pls.' Br. in Opp'n to Defs.' Mot. to Dismiss, Dkt. [83] at 20.)

[5] Plaintiffs also purport to raise a claim against the Estate of Bill Clark for "breach of contract and unjust enrichment." (Compl., Dkt. [1-1] ¶¶ 93-97.)

5

that Defendant Randy Clark exceeded their scope when he removed Plaintiffs as beneficiaries (Compl., Dkt. [1-1] ¶¶ 38, 43, 61, 65), as the POAs did not grant Randy Clark the specific authority to take such action (Pls.' Opp'n Br., Dkt. [83] at 3).  Plaintiffs further argue that Defendant Randy Clark's actions cannot be justified based on the January 2010 addendum to the 2008 POA, as it was executed after Plaintiffs were removed as beneficiaries and allegedly is the product of undue influence.  (Compl., Dkt. [1-1] ¶ 25; Pls.' Opp'n Br., Dkt. [83] at 6-7.)

The Clark Defendants move to dismiss each count of the Complaint on grounds that the Court lacks subject matter jurisdiction over the suit because Plaintiffs lack standing to sue.[6]  (Clark Defs.' Br., Dkt. [36-1] at 1-17.) Specifically, Defendants argue that the 2004 POA granted Defendant Randy Clark the authority to change the beneficiaries of Bill Clark's accounts; therefore, the argument goes, Defendant Randy Clark committed no tort when he removed Plaintiffs as beneficiaries, and Plaintiffs suffered no injury.[7]  (Id.)

---

[6] In the alternative, the Clark Defendants move to dismiss for failure to state a claim upon which relief may be granted.  (Clark Defs.' Br., Dkt. [36-1] at 21-26.)

[7] The Clark Defendants also argue that Plaintiffs lack standing because their designation as beneficiaries of the accounts was void ab initio as contrary to an irrevocable will previously executed by Bill Clark, which precluded Bill Clark from

6

In support of this argument, the Clark Defendants cite the following paragraphs of the 2004 POA and the powers granted to Defendant Randy Clark therein:[8]

1. To buy, receive, lease, accept, or otherwise acquire; to sell, convey, mortgage, hypothecate, pledge, quit claim, or otherwise encumber or dispose of, or to contract or agree for the acquisition, disposal, or encumbrance of, any property whatsoever and wheresoever situated, be it real, personal, or mixed, or any custody, possession, interest, or right therein or pertaining thereto, upon such terms as my attorney shall think proper;

2. To take, hold, possess, invest, lease or let, or otherwise manage any or all of my real, personal, or mixed property, or any interest therein or pertaining thereto . . . ;

3. To make, do and transact all and every kind of business of whatever kind or nature, including the receipt, recovery, collection, payment, compromise, settlement, and adjustment of all accounts, legacies, bequests, interests, dividends, annuities, claims, demands, debts, taxes, and obligations which may now or hereafter be due, owing, or payable by me or to me;

---

making testamentary gifts to persons other than his children, the Clark Defendants. (Clark Defs.' Br., Dkt. [36-1] at 17-21.) Because Plaintiffs' beneficiary designations were void, the Clark Defendants argue, Plaintiffs suffered no injury when they were removed as beneficiaries and therefore lack standing to sue. (Id.)

[8] Although the case is before the Court on a motion to dismiss, the Court may consider the 2004 POA because it is attached as an exhibit to Plaintiffs' Complaint. See, e.g., Arthur v. Thomas, 674 F.3d 1257, 1265 (11th Cir. 2012) (providing that Courts on motion to dismiss may consider exhibits attached to complaint as part of the pleading) (collecting cases).

> 5. To make deposits or investments in, or withdrawals from, any account, holding or interest which I may now or hereafter have, or be entitled to, in any banking, trust, or investment institution, including postal savings depository offices, credit unions, savings and loan associations, and similar institutions; to exercise any right, option, or privilege pertaining thereto; and to open or establish account, holdings or interests of whatever kind or nature, with any such institution, in my name or in my attorney's name or in both our names jointly, either with or without right of survivorship[;]
>
> 9. To make gifts, grants, or other transfers, without consideration either outright or in trust (including the forgiveness of indebtedness, and the gift, grant, or transfer of real estate) to such persons as my Attorney in Fact shall select, including any such person serving as my Attorney in Fact hereunder, . . . all as my Attorney in Fact, in his/her sole discretion, shall determine to be desirable to implement plans intended to reduce present or future taxes, to be in my interest, or in the best interest of my estate, or in keeping with my prior pattern of giving . . . .

(Id. at 7-8; Compl. Ex. D, Dkt. [1-5] (Mar. 15, 2004 Durable Power of Attorney).)

The Court considers whether Defendant Randy Clark had authority to remove Plaintiffs as beneficiaries of Bill Clark's accounts under the terms of the 2004 POA, which POA Plaintiffs concede is valid. If so, the Court must

conclude, as the Clark Defendants argue, that Plaintiffs suffered no injury to a legally protected interest and therefore lack standing to sue.

## Discussion

### I. Standing and Subject Matter Jurisdiction: Legal Standard

As stated above, the Clark Defendants move to dismiss the Complaint for lack of subject matter jurisdiction based on Plaintiffs' lack of standing to sue. (See generally Dkt. [36].)  "Because a motion to dismiss for lack of standing is one attacking the district court's subject matter jurisdiction, it is brought pursuant to Rule 12(b)(1)."  Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 807 n.8 (11th Cir. 1993).  "A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice."  Stalley ex rel. U.S. v. Orlando Regional Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) (citation omitted).

Federal courts are limited under Article III of the United States Constitution to adjudicating actual "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1.  The doctrine of "standing" is grounded in this case-or-controversy requirement.  Ga. State Conf. of NAACP Branches v. Cox, 183 F.3d 1259, 1262 (11th Cir. 1999).  To establish standing, a plaintiff must satisfy

three elements: "First, the plaintiff must have suffered an 'injury in fact'–an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not conjectural or hypothetical.'" Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations omitted). "Second, there must be a causal connection between the injury and the conduct complained of–the injury must be 'fairly . . . traceable to the challenged action of the defendant, and not . . . the result of the independent action of some third party not before the court.'" Id. (citation omitted). Finally, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" Id. at 561 (citation omitted). "The party invoking federal jurisdiction bears the burden of establishing these elements." Id. (citation omitted).

The Court's subject matter jurisdiction can be challenged by both facial or factual attack. Stalley ex rel. U.S., 524 F.3d at 1232. "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations of

10

the complaint are taken as true for the purposes of the motion."[9]  Id. (citation omitted).  A factual challenge to subject matter jurisdiction, on the other hand, uses "material extrinsic from the pleadings, such as affidavits or testimony."  Id. (citation omitted).

In this case, the Clark Defendants move to dismiss the Complaint for lack of subject matter jurisdiction–based on Plaintiffs' lack of standing–by both facial and factual attack, arguing that Plaintiffs have not suffered any injury in fact as a result of their removal as beneficiaries of the accounts.  (Dkt. [36] at 2-21.)  As set out in the Background section, supra, they contend that Plaintiffs' lack of standing is apparent on the face of the Complaint, to which the 2004 POA is attached as an exhibit, as the 2004 POA gave Defendant Randy Clark the authority to remove Plaintiffs as beneficiaries.  (Id. at 2-17.)  Given that authority, Plaintiffs suffered no injury in fact when they were so removed.  (Id.)  As explained in footnote five, supra, the Clark Defendants also argue that Plaintiffs lack standing as a factual matter.  (Id. at 17-21.)  Specifically, they argue that Plaintiffs' beneficiary designations were void as contrary to Bill

---

[9] As stated in footnote six, supra, the Court also may consider exhibits attached to the Complaint, as part of the Complaint itself, when considering a facial challenge to subject matter jurisdiction.

11

Clark's previously executed irrevocable will, and therefore that Plaintiffs suffered no injury when those designations were removed. (Id.) The Court need not consider the factual challenge to the Court's subject matter jurisdiction. As explained below, it is clear to the Court from the face of the Complaint that the Court lacks subject matter jurisdiction over the suit.

## II.     Clark Defendants' Motion to Dismiss: Analysis

The Court concludes that under the plain terms of the 2004 POA, which Plaintiffs attach to the Complaint and concede is valid, Defendant Randy Clark had authority to remove Plaintiffs as beneficiaries of Bill Clark's accounts. Accordingly, Plaintiffs suffered no injury in fact when they were so removed and therefore lack standing to bring this suit. The Court reaches this conclusion in spite of Plaintiffs' arguments to the contrary.

The parties agree Alabama law governs the interpretation of the 2004 POA, which was executed in the state of Alabama. Plaintiffs argue that under Alabama law, a POA cannot confer on the Attorney in Fact the authority to change or remove beneficiaries unless that authority is specifically stated. (See generally Pls.' Opp'n Br., Dkt. [85].) Because the 2004 POA does not contain an express grant of authority to change beneficiaries, Plaintiffs argue,

12

Defendant Randy Clark exceeded his authority when he removed Plaintiffs as beneficiaries of the accounts. (Id.)

In support of this argument, Plaintiffs rely on a provision of the Alabama Uniform Power of Attorney Act, Ala. Code § 26-1A-101, et seq., which provides that an agent under a POA may "create or change a beneficiary designation" only if that authority is expressly granted. (Id. at 2 (citing Ala. Code § 26-1A-201).) As Plaintiffs concede (id.), however, this Act only applies to POAs executed on or after January 1, 2012, the Act's effective date. Ala. Code §§ 26-1A-103. As the POA at issue in this case was executed in 2004, the provision on which Plaintiffs rely has no applicability to the Court's analysis. On the contrary, the Court's construction of the POA is governed by the law as it existed when the POA was executed. Ala. Code. § 26-1A-106(b).

Traditionally under Alabama law, POAs are construed in accordance with general principles of contract interpretation. Smith v. Wachovia Bank, N.A., 33 So. 3d 1191, 1197 n.6 (Ala. 2009). They also are construed strictly. O'Neal v. United States, 258 F.3d 1265, 1275 (11th Cir. 2001) (citing Lamb v. Scott, 643 So. 2d 972, 973 (Ala. 1994)). That is, Alabama law "restricts powers of attorney to express grants of authority and those incidental grants of authority

13

that are necessary to carry out the express grants." Id. (citing Lamb, 643 So. 2d at 974). Strict construction, however, does not require or permit courts to limit the authority granted under a POA where no limitations on that authority exist. See, e.g., Grace v. Palm Harbor Homes, Inc., 401 F. Supp. 2d 1230, 1233 (N.D. Ala. 2005) ("It is well established in Alabama that powers of attorney will be strictly construed . . . . In this case, however, Sidney Grace has not placed any limitations on the power of attorney he granted to his wife . . . . Accordingly, even though the Grace POA does not specifically grant Kathy Grace [the right at issue], she has capacity [to exercise that right] on her husband's behalf because that right is included implicitly in the general grant to 'act on Sidney Grace's behalf.'"). Finally, the right of an Attorney in Fact to self deal under a POA must be expressly conferred. Pike v. Reed, 47 So. 3d 253, 260 (Ala. Civ. App. 2009).

In accordance with these principles, the Court concludes that Defendant Randy Clark had authority under the 2004 POA to remove Plaintiffs as beneficiaries of Bill Clark's accounts in favor of himself and the other Clark Defendants. The authority to remove beneficiaries clearly exists under paragraph five (5) of the POA, which grants Defendant Randy Clark the power

to "make deposits or investments in, or withdrawal from, *any account, holding, or interest* which [Bill Clark] may now or hereafter have, or be entitled to, in any banking, trust, or investment institution . . . [and] to exercise <u>*any*</u> *right, option, or privilege pertaining thereto . . . .*" (Compl. Ex. D, Dkt. [1-5] (2004 POA) (emphasis added).)  To construe the 2004 POA as withholding from Defendant Randy Clark the power to remove beneficiaries of Bill Clark's accounts, holdings, or interests would be to rewrite this provision to confer on Randy Clark the power to exercise only *some* rights, options, or privileges pertaining thereto.  Such a construction obviously would not be faithful to the plain language of the POA, which gives Randy Clark the right to exercise *any* right, option, or privilege pertaining to any of Bill Clark's accounts, holdings, or interests.  Furthermore, the authority to self-deal clearly exists under paragraph nine (9) of the POA, which confers on Defendant Randy Clark the power to "make gifts, grants, or other transfers . . . to such persons as [he] shall select, *including any such person serving as my Attorney in Fact hereunder . . . .*" (<u>Id.</u> (emphasis added).)  In light of these provisions, Defendant Randy Clark's removal of Plaintiffs as beneficiaries of the accounts plainly was in accordance with his authority under the 2004 POA.

15

While this conclusion is inescapable based on the plain language of paragraphs five and nine, it is reinforced by other provisions of the 2004 POA. For example, paragraph fifteen (15) of the POA gives Defendant Randy Clark the power to "act as [Bill Clark's] attorney-in-fact or proxy in respect to any policy of *insurance on [his] life* and in that capacity to exercise *any* right, privilege, or option which [he] may have thereunder or pertaining thereto, *excluding, however, the right to change the beneficiary . . . .*" (Id. (emphasis added).) This provision makes clear that Bill Clark knew how to limit the authority granted to his Attorney in Fact under the 2004 POA; with respect to life insurance policies, that authority was limited: it excluded the power to change beneficiaries. The absence of such limiting language in paragraph five, therefore, demonstrates that Bill Clark did not intend the powers granted therein to be so limited. Finally, the language used at the closing of the POA reinforces the Court's conclusion that the power conferred on Defendant Randy Clark to exercise "any right, option, or privilege" pertaining to Bill Clark's accounts truly means "any," and therefore includes the right to change beneficiaries. The closing provision of the POA reads:

16

> GIVING AND GRANTING unto my said attorney full power and authority to do and perform all and every act, deed, matter, and thing whatsoever in and about my estate, property, and affairs as fully and effectually to all intents and purposes as I might or could do in my own proper person if personally present, *the above especially enumerated powers being in aid and exemplification of the full, complete, and general power herein granted and not in limitation or definition thereof*; and hereby ratifying all that my said attorney shall lawfully do or cause to be done by virtue of these presents.

(Id. (emphasis added).)

In light of the Court's finding that Defendant Randy Clark had authority under the 2004 POA to remove Plaintiffs as beneficiaries of Bill Clark's accounts, Plaintiffs suffered no injury in fact when they were so removed. Absent an injury in fact, Plaintiffs lack standing to bring the instant suit. The Court, therefore, lacks subject matter jurisdiction over the suit. Accordingly, the Clark Defendants' Motion to Dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), is due to be GRANTED.

## Conclusion

In accordance with the foregoing, the Clark Defendants' Motion to Dismiss [36] is **GRANTED** based on the Court's lack of subject matter jurisdiction. The parties are directed to confer with one another and file, within

17

14 days, a status report identifying all claims that they assert remain pending in this case.

      **SO ORDERED**, this __25th__ day of May, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE